# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kelly Jones,                                                Civil No. 10-4201 MJD/AJB

                         Petitioner,

v.                                                **REPORT AND RECOMMENDATION**

Warden Jett,

                         Respondent.


          This matter is before the court, United States Chief Magistrate Judge Arthur J.

Boylan, 300 South Fourth St., Minneapolis, MN, on petition for writ of habeas corpus under 28

U.S.C. § 2241 by Kelly Jones, a federal prisoner.[1]  Petitioner alleges that he was wrongly

deprived of 27 days of good time credit pursuant to a prison disciplinary proceeding in regards to

which he alleges his constitutional rights were violated.  Petitioner appears *pro se*, and the

respondent appears by Ana H. Voss, Assistant United States Attorney.  The matter has been

referred to the magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636

and Local Rule 72.1.   For the reasons discussed below, it is recommended that petitioner's

claims be denied and the case be dismissed with prejudice.

## BACKGROUND

          **Procedural History and Claims.**  Petitioner Kelly Jones is a federal prisoner,

presently incarcerated at FCI–Butner, North Carolina, where he is serving a 305-month sentence.

He was convicted in the United States District Court for the Southern District of Florida on child

---

[1]      The petition is captioned "Motion to Vacate Sanctions under 28 U.S.C. § 2241 and
Constitutional Amendment 8" [Docket No. 1].  The Court construes the motion to be a petition for
habeas corpus relief under § 2241.

pornography offenses.  His current projected release date, with good time, is October 23, 2016.[2]

This case is the second action for habeas corpus relief commenced by petitioner Kelly Jones

seeking recovery of 27 days good time credit which he lost as result of a prison rules infractions

while he was incarcerated at FMC–Rochester, Minnesota.  An initial hearing before a

disciplinary hearing officer (DHO) was held on March 18, 2008, on a charge of using the phone

for abuses other than criminal activity.  The DHO found that the prisoner had committed the

alleged violation by using coded language on the telephone to direct a third-party non-prisoner to

forward money to another prisoner.  The communications were made in a number of phone calls

between November 20, 2007, and February 7, 2008.[3]  The 27-days good-time loss and a loss of

phone privileges were assessed as a sanction for the offenses.

       The prisoner filed the first action[4] in May 2009 by petition in which he asserted

that he was not permitted to call a particular witness at the discipline hearing and had not been

allowed to obtain and review transcripts of telephone conversations, in violation of his right to

due process.  In that matter the district court issued an Order dated August 4, 2010,[5] adopting the

magistrate judge's Report and Recommendation, thereby holding that the petition was moot

because it was based upon claims relating to the March 18, 2008, disciplinary proceeding and the

prisoner had been given a rehearing which had been taken place on August 18, 2009, thereby

---

[2]  Declaration of Angela Buege, ¶ 3.

[3]  Background details regarding the underlying offense and the initial disciplinary proceeding are provided in the Report and Recommendation by United States Chief Magistrate Judge Raymond Erickson dated February 8, 2010 in United States District Court, District of Minnesota Civil File No. 09-1074 (MJD/RLE)  [Docket No. 31].

[4]  Id. [Docket No. 1].

[5]  Id. [Docket No. 40].

affording him his due process rights.  The effect of the rehearing grant was the expunction of the March 18, 2008, hearing from Jones' disciplinary record and restoration of 27 days good time credit.  Consequently, there was no case-or-controversy relating to the March 18, 2008, hearing and claims relating to that proceeding were moot.  In response to the prisoner's contention that only the due process issue relating to a witness had been corrected at the rehearing, and other due process violations were committed or continued, the court noted that its conclusion that the case was moot did not preclude the prisoner from filing a petition challenging the conduct of the second hearing, on facts relating to that hearing.  In any event, the magistrate judge provided legal conclusions on issues that the petitioner is attempting to re-litigate in this action.[6]

In the petitioner that is presently before the court Kelly Jones seeks vacation of sanctions assessed following the August 18, 2009, rehearing in which he was again disallowed 27 days Good Conduct Time.  In this petition Jones acknowledges the court's ruling that the previous case was moot, but nonetheless, he contends that the ruling was in error and did not directly address all the issues he had presented.  Thereafter, the prisoner generally alleges due process violations, "manipulation" of the disciplinary hearing process and the administrative remedy process, and presentation of false information to the court, without any concrete legal or

---

[6]  For example, the court expressly found that Mr. Jones' Eighth Amendment claim arising out of a September 8, 2008, incident report and consequent loss of commissary privileges and custody level points did not relate to duration of custody and could not be advanced in a habeas corpus action.  Also, the court addressed two additional motions for sanctions, construed to be motions for injunctive relief attacking the legitimacy of the rehearing.  One of the motions was made in anticipation of the rehearing and was found to be moot because the hearing had already taken place.  The other motion challenged the conduct of the rehearing and resulting sanctions and was not properly before the court on the petition at issue or the record before the court.  In addition, the Report and Recommendation discussed and largely dismissed double jeopardy and access to phone transcript claims.

fact assertions in regards to the allegations as they may relate to the August 18, 2009, rehearing.

Indeed, as indicated by respondent,[7] the only clear requests for a remedy that have been alleged

by Mr. Jones, and arguably are not moot as a result of the court's prior decision, are claims that

he was not provided copies of telephone transcripts, his staff representative did not receive a

copy of the investigation prior to the rehearing, and the DHO reinstated a phone suspension as a

sanction to which he had already been subjected.[8]   Also, Jones alleges that the rehearing in itself

was a due process violation because it took place after he had commenced an action in federal

court and was held only to avoid sanctions.[9]

**DISCUSSION**

 Petitioner seeks relief under 28 U.S.C. § 2241, which states, "[t]he writ of habeas

corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution

or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2241 is appropriate

where a federal petitioner challenges the execution of a sentence or the length or duration of his

---

[7]  Gov't Resp. to Mot./Pet. for Writ of Habeas Corpus at 3.

[8]  Pet., Ex. C., Inmate Request to Staff dated August 21, 2009.

[9]  In the Petitioner's Reply to Government Response, Mr. Jones makes new claims that his rights to due process were violated as result of the respondent's failure to comply with 28 C.F.R. § 541.14, relating to increased sanctions for repetitive conduct by inmates, and "failure to comply with other rules and regulations in upholding a retaliatory incident report which was later used to withhold Good Conduct Time."  These additional reply brief claims were denied in the earlier habeas corpus proceeding because the court concluded that they involved disciplinary sanctions which do not affect the duration of the prisoner's sentence and therefore are not properly presented on petition for habeas corpus relief.  Also, the BOP's failure to follow its own rules in issuing an Incident Report does not provide grounds for a due process claim. (Report and Recommendation, pp. 20-23).  Again, Jones did not appeal that prior decision, and the claims were not expanded upon in the petition in this case. (Provisions of 28 C.F.R. § 541 were renumbered effective June 20, 2011.  The section relating to disciplinary hearing matters, including allowance of a staff representative, presentation of evidence and witnesses, sanctions and the DHO report, is re-labeled 28 C.F.R. § 541.8.)

confinement.  See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); McIntosh v. U.S.

Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997) (holding that federal inmate's challenge to

loss of good time credits is properly brought under Section 2241 because it is a challenge to an

action affecting the fact or duration of the petitioner's custody).  Respondent acknowledges that

Mr. Jones has exhausted his administrative remedies with respect to the August 18, 2009,

rehearing that is at issue in this case.  In addition, respondent agrees that jurisdiction under 28

U.S.C. § 2241 is proper because the prisoner is challenging a disciplinary matter that affects the

duration of confinement; venue is appropriate because FMC–Rochester, the location of the

disciplinary action, is in the District of Minnesota; and Warden Jett is appropriately named the

respondent.

   **Due Process.**  In a prison disciplinary setting in which a prisoner may be subject

to loss of good time credit, due process requires that an inmate must receive: 1) advance written

notice of the charges against him; 2) an opportunity to call witnesses and present documentary

evidence, when consistent with safety and correctional goals; and 3) a written statement from the

fact finder as to the evidence relied upon and the reason for the disciplinary action taken.

Espinoza v. Peterson, 283 F.3d 949, 951-52 (8th Cir. 2002) (citing Superintendent v. Hill, 472

U.S. 445, 454 (1985)).  A reviewing court will not reassess the credibility of witnesses or re-

weigh the evidence.  Gomez v. Graves, 323 F.3d 610, 612 (8th Cir. 2003).  Rather, a reviewing

court's only inquiry is whether there is some evidence to support the sanction.  Id.  The some

evidence standard does not mandate examination of the entire record to satisfy due process.

Espinoza at 952.

   Petitioner in this instance was provided a Notice of Discipline Hearing Before the

DHO, along with a statement of Inmate Rights at Discipline Hearing, on June 22, 2009.[10]  He requested a specific witness, Pamela Bass, and a staff teacher, Tom Wegner, to represent him. The rehearing was held on August 18, 2009, at which time the petitioner was advised of his rights.[11]   The staff representative indicated that he had reviewed the DHO packet[12] with Mr. Jones and that proper policies and procedures had been followed.  Finding were issued by the DHO on August 27, 2009,[13] wherein it was noted that the inmate objected to the hearing because the matter was pending in district court on his prior habeas corpus petition.  Mr. Jones also asserted that his witness appeared to have misunderstood his testimonial needs, and that he still wanted to see phone call transcripts.[14]  The evidence cited by the DHO to support the disciplinary findings was compiled in an investigation revealing multiple phone conversations between the petitioner and Ms. Bass in which money payments were discussed in coded references, and those discussions corresponded directly with deposits made by Ms. Bass into the third inmate's account.[15]  The evidence included intercepted phone calls, inmate account information, and copies of money orders and envelopes.[16]

　　　　The DHO found that the petitioner's witness had properly addressed the issue as

---

[10]  Declaration of Angela Buege, ¶ 4, Attach. B.

[11]  Id., ¶ 5.

[12]  Id., Attach. C.  The DHO packet includes the Incident Report and a letter from Pamela Bass dated July 29, 2009, in which she denies that money was transferred to another inmate.

[13]  Id.

[14]  Id.

[15]  The conversations suggest that the money was being paid to the third-party inmate in return for legal research and services.

[16]  Declaration of Angela Buege, ¶ 6, Attach. C.

it had been presented to her, and Ms. Bass' general denial that funds had been transferred to another inmate was outweighed by the evidence of deposits made by her. The DHO concluded that Jones had committed the charged offense and sanctioned him to 27 days good time loss, 30 days suspended segregation, and 90 days loss of telephone privileges.[17] As to the prisoner's demand to see the phone transcripts, the DHO advised him that the materials could be requested in a Freedom of Information Act (FOIA) request.

  **Rehearing-Due Process and Double Jeopardy.** Petitioner Kelly Jones makes the broad and legally unsupported claims that the rehearing was not authorized by BOP procedural rules and was conducted to avoid sanctions, in violation of due process.[18] He also contends that he was subjected to double jeopardy.[19]

  With respect to petitioner's double jeopardy claim this court has already determined that the Double Jeopardy Clause is not implicated in the application of prison disciplinary sanctions, or the fact of rehearing, because such matters are not criminal in nature.[20] See  Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989).  Disciplinary proceedings pertain to enforcement of institutional rules for the purpose of maintaining institutional security and order which are not subject to double jeopardy

---

[17]  The loss of telephone privileges was promptly implemented on August 18, 2009, but was rescinded on August 25, 2009, when the Trust Fund Supervisor was advised that the sanction was the result of a rehearing that reimposed an original sanction that had already been applied, even though the first proceeding had been nullified.  Declaration of Angela Buege, ¶ 7. In any event, the sanction does not raise an issue of sentence duration this is cognizable in a habeas corpus action.

[18]  Pet. at 2; Reply at 11.

[19]  Id. at 3.

[20]  Dist. of Minnesota Civil File No. 09-1074 (MJD/RLE), Report and Recommendation at 29.

considerations.  Garrity v. Fielder, 41 F.3d 1150, 1153 (7th Cir. 1994); Jacobs v. Angelone, 107

F.3d 877 at *3 (9th Cir., March 3, 1997).[21]  The disciplinary rehearing was not in violation of the

petitioner's right to be protected from double jeopardy.

        As to the rehearing being a due process violation because BOP rules and program

statements do not provide for such rehearing, the prisoner provides no cogent argument or legal

support for the proposition.  Similarly the court finds no basis for the contention that a rehearing

cannot be held while a court action is pending as to the same matter, and Jones has not identified

any particular "sanctions" which the BOP may be seeking to avoid by holding a rehearing.

Indeed, the absurdity of such a position would be manifest in any matter in which the prisoner

received the same or a more favorable disciplinary outcome on rehearing than in the prior

proceeding.  Essentially, petitioner contends that the respondent violated due process by acting

to afford him due process, and he therefore fails to state a cognizable claim of due process

violation.  See Gaines v. Stenseng, 2006 WL 219910 (D. Kan.) (citing cases).

        **Phone Transcripts and FOIA Requests.**  Petitioner Kelly Jones continues to

claim a violation of his right to due process in the disciplinary proceeding resulting from the

respondent's refusal to provide unedited transcripts of telephone conversations with Pamela Bass

in which he was alleged to have send coded messages.  He made FOIA requests for certain

transcripts in May 2008, and was advised that the BOP did not create transcripts of phone calls.

The calls were available only in audio format which could not be provided in the absence of a

release from the other party to the conversation.[22]  To the extent that partial transcripts were used

---

[21]  Id.

[22]  Declaration of Angela Buege, ¶ 8, Attach. F.

at the disciplinary hearing and rehearing, statements by Pamela Bass were redacted from copies

provided to the prisoner because she had not signed the necessary release.  Jones appealed the

BOP's denial of his FOIA request by letter dated May 30, 2008,[23] and the appeal was denied by

letter from the Department of Justice Office of Information and Privacy dated October 29,

2008.[24]

        Again, the transcript issue was addressed in the magistrate judge's Report and

Recommendation in the first habeas corpus action wherein the court stated:

> "Jones has alleged that the DHO violated his due process rights, by
> again denying him access to the full transcripts of the telephone
> calls.  However, the Supreme Court held, in Wolff v. McDonnell,
> [418 U.S. 539, 566 (1974)], that "[p]rison officials must have the
> necessary discretion to keep the hearing within reasonable limits *
> * * [and may] limit access * * * to compile other documentary
> evidence."  Therefore, a prisoner does not have "an absolute,
> unfettered right to present evidence at misconduct hearings."
> [citations omitted]."[25]

The prisoner's right to due process with respect to disciplinary proceedings was not violated as a

result of his inability to obtain unedited phone transcripts.  "Due process requirements are

satisfied if some evidence–that is, *any* evidence in the record–supports the disciplinary decision.

Rudd v. Sargent, 866 F.2d 260, 262 (quoting Superintendent v. Hill, 472 U.S. 445, 455-56

(1985).

The "some evidence" standard is satisfied:

> if "there is some evidence from which the conclusion of the administrative
> tribunal could be deduced...." United States ex rel. Vajtauer v. Comm'r of
> Immigr., [273 U.S. 103, 106 (1927)].  Ascertaining whether this standard is

---

[23]  Id., ¶ 9, Attach. G.

[24]  Id., Attach. H.

[25]  Civil File No. 09-1074 (MJD/RLE), Report and Recommendation at 27-28, n. 11.

> satisfied does not require examination of the entire record, independent
> assessment of the credibility of witnesses, or weighing of the evidence. Instead,
> the relevant question is whether there is any evidence in the record that could
> support the conclusion reached by the disciplinary board.

Superintendent at 455-56 (emphasis added). The findings of a prison disciplinary

authority cannot be overturned even where the supporting evidence "might be

characterized as meager," or wholly circumstantial. Id. at 457. Simply stated, where

there is at least some evidence to support the hearing officer's decision, and the

disciplinary action is not wholly insupportable, the requirements of due process are met.

In this matter the court finds that the minimal "some evidence" standard is

clearly met. The DHO received evidence that the petitioner had made 19 calls to Pamela

Bass and had used coded language directing her to place specific amounts of money in

another inmate's account on at least three occasions.[26] The DHO further reviewed inmate

account information indicating that Pamela Bass had made such deposits into the other

inmate's account, and the deposits corresponded to amounts discussed in the phone

calls.[27] Moreover, Angela Bass' written denial of making such deposits was outweighed

by evidence to the contrary, and in essence, was simply not credible. This evidence is

sufficient to support the disciplinary decision and penalties. The court concludes that the

record in this case provides at least some evidence to support the discipline determination

in this matter, and plaintiff has no constitutional grounds for relief on evidentiary

grounds. See Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir.)(the outcome of prisoner

disciplinary proceedings will be upheld by the federal courts if it is supported by some

---

[26] Declaration of Angela Buege, Attach. C. at 2, DHO Findings.

[27] Id.

evidence in the record).  Moreover, the court finds no basis on which to conclude that the edited portion of phone transcripts contained exculpatory information or would have exonerated the petitioner as to the disciplinary charges.  Indeed, the mere fact that the phone calls occurred in conjunction with the third-party account deposits was ample evidence to satisfy the some evidence standard, without regard to the substance of the conversations.  For that matter, even if the court were to apply a preponderance of the standard, the greater weight of the evidence supports the determination that the petitioner committed the charged disciplinary offenses in light of the absence of credible conflicting evidence before the DHO.  Id. at 1442, n.9.  The prisoner was not denied the opportunity to call witnesses or present documentary evidence in this instance and was not denied due process in that regard.

      **Incident Report.**  Petitioner makes the bald assertion that "[a]t no time did the DHO 'give a copy of the investigation and other relevant materials to the inmate's staff representative for use in presentation on the inmate's behalf.'"[28]  There is no affidavit or other evidence in the record to support this claim and the contention is belied by the indication in the DHO's findings wherein it is stated "[y]our staff representative reviewed all materials and met with you prior to the hearing."  To the extent that the claim may relate to the due process requirement for advance written notice of the charges, the claim is without merit, and to the extent that the prisoner complains of the BOP's failure to follow its own rules, the claim does not state a due process concern as previously noted in footnote 9.

---

[28]  Pet. at 4.

11

Based upon the foregoing discussion, along with the pleadings, memorandums, declarations, and exhibits,

**IT IS HEREBY RECOMMENDED** that petitioner Kelly Jones' Motion to Vacate Sanctions under 28 U.S.C. § 2241 and Constitutional Amendment 8 [Docket No. 1] be **denied** and that this matter be **dismissed** with prejudice  [Docket No. 1].


Dated:   <u>  August 12, 2011  </u>


<u>  s/Arthur J. Boylan                </u>
Arthur J. Boylan
United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 29, 2011.